**SHARAN E. LIEBERMAN (SL-6623)**
Attorney for the Applicant
SECURITIES AND EXCHANGE COMMISSION
Denver Regional Office
1961 Stout Street, Suite 1700
Denver, CO 80294
(303) 844-1000 (Main)
(303) 844-1036 (Lieberman)
Email: liebermans@sec.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
                                                                      :
**SECURITIES AND EXCHANGE COMMISSION,**                               :
                                                                      :
          Applicant,                                     :
                                                                      :    24-mc-494
    -against-                                                    :    ECF Case
                                                                      :
**FRUIT STREET HEALTH, P.B.C.**                                       :
                                                                      :
Respondent.                                                           :
                                                                      :
----------------------------------------------------------------------x

### SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND FOR AN <u>ORDER COMPELLING COMPLIANCE WITH SUBPOENA</u>

The Securities and Exchange Commission ("the SEC") respectfully submits this Application for an Order to Show Cause and for an Order Requiring Compliance with Subpoena ("Application"), together with a proposed order to show cause, a memorandum in support, the Declaration of John Dwyer ("Dwyer Decl."), and the Exhibits thereto, based on the following:

    1.    Respondent Fruit Street Health, P.B.C. ("Fruit Street"), which does business in and maintains its principal place of business in New York, New York, has refused to comply with a lawfully served SEC administrative subpoena ("the Subpoena"). The Subpoena was issued on October 27, 2023, and requires Fruit Street to produce ten categories of documents

relevant to the SEC's non-public investigation entitled *In re Fruit Street Health, P.B.C.* (the "Investigation").

2. On March 28, 2023, the SEC issued an Order Directing Private Investigation and Designating Officers to Take Testimony (the "Formal Order") in the Fruit Street Investigation. Among other things, the Formal Order directs, pursuant to Section 20(a) of the Securities Act of 1933 ("Securities Act") 15 U.S.C. § 77t(a) and Section 21(a) of the Securities Exchange Act of 1934 ("Exchange Act") 15 U.S.C.§ 78u(a), that the SEC Staff conduct a private investigation to determine whether any persons or entities had engaged in acts or practices in violation of various provisions of the securities laws.

3. The Formal Order also designates, pursuant to Section 19(c) of the Securities Act 15 U.S.C § 77s(c) and Section 21(b) of the Exchange Act 15 U.S.C. § 78u(b), certain individuals who work in the SEC's Denver Regional Office as officers of the SEC empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the investigation.

4. On October 27, 2023, SEC Staff sent Fruit Street a subpoena ("the Subpoena"), signed by SEC Staff, requiring production of documents in ten categories. The Subpoena required the production of documents by November 10, 2023.

5. The Subpoena seeks documents relevant to its investigation of whether Fruit Street engaged in an unregistered securities offering and whether it made material misstatements to investors and potential investors in connection with the sale of its securities.

6. After some initial discussion with Respondent's first set of counsel, Fruit Street agreed to produce documents on a rolling basis. One such production was made on November

20, 2023 of 19 documents, totaling 264 pages.

7. Thereafter, in December 2023, Respondent retained new counsel ("Counsel"). Counsel proceeded to inform SEC Staff that it would not produce documents pursuant to the Subpoena. Counsel expressed its view that the Subpoena violated Article II of the Constitution, specifically the Appointments Clause and the Take Care Clause. Counsel explained that it would produce documents on a voluntary basis.

8. The SEC sent Respondent several letters requesting compliance with the Subpoena and certification that the document production is complete, and informing Counsel that if it did not produce responsive documents and certify the completion of its production, the SEC would file a subpoena enforcement action.

9. Over the next six months, Counsel made a total of three productions totaling 922 pages. That production appears to be incomplete.

10. Fruit Street has not produced any additional documents since June 14, 2024.

11. As of the date of this filing, almost a year has passed since the SEC first served the subpoena. Yet, Fruit Street has failed to produce a single document responsive to critical categories such as documents concerning agreements with investors and use and location of investor funds, and has produced only a few documents in the remaining categories. Rather than complying with the SEC's lawfully-issued Subpoena, Fruit Street asserts that the Subpoena is constitutionally infirm, relying on discredited constitutional arguments.

12. The SEC believes the relevant documents are in Fruit Street's possession because the SEC has obtained some documents responsive to the Subpoena from other sources – such as an email from Fruit Street soliciting investments and attaching a pitch deck, and an Investor Deck outlining revenue growth figures and use of investor funds. Fruit Street should have these

documents (and others like it) in its possession. Such documents are responsive to the categories sought in the Subpoena, and Fruit Street has not produced them.

13. The information the Subpoena seeks is critical to the SEC's investigation and Fruit Street's non-compliance has significantly delayed this investigation.

14. WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondent Fruit Street to show cause why this Court should not enter an order requiring Respondent to produce documents in response to the Subpoena.

II.

That the Court enter an order requiring Respondent to comply fully with the Subpoena within thirty (30) days from the date of the Order.

III.

That the Court order such other and further relief as may be necessary and appropriate to achieve compliance with the Subpoena within the time set forth in the proposed Order to Show Cause.

Dated: October 25, 2024

Denver, Colorado

                                      Respectfully Submitted,
                                      Sharan E. Lieberman


                                      _s/ Sharan E. Lieberman_
                                      By: Sharan E. Lieberman
                                      Trial Attorney (SL-6623)
                                      ATTORNEY FOR THE APPLICANT
                                      SECURITIES AND EXCHANGE COMMISSION
                                      1961 Stout Street, Suite 1700
                                      Denver, CO 80294
                                      303-844-1036
                                      liebermans@sec.gov